[ DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14695
Non-Argument Panel

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2010
JOHN LEY
CLERK

D.C. Docket No. 09-00432-CV-RBP-2

JOHN RUCKER, CAROLYN WILLIAMS,
WANDA ANDERSON, MELANIE HOUSE,
THOMAS R. PRINCE, JR., on behalf of
themselves and others similarly situated,

Plaintiffs-Appellees,

versus

OASIS LEGAL FINANCE, L.L.C.,

Defendant-Appellant,

GLOBAL FINANCIAL CREDIT, L.L.C., et al.

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 3, 2010)

BEFORE  EDMONDSON, BIRCH and HILL, Circuit, Judges.

PER CURIAM:

This case involves a proposed class action by John Rucker, *et al.* (Rucker), filed in the State of Alabama, for declaratory, injunctive, and monetary relief for alleged harms suffered due to alleged illegal gambling contracts with Oasis Legal Finance, LLC (Oasis), a Delaware limited liability company, with its principal place of business located in Illinois. The contracts contained a forum selection clause which stated Illinois was the exclusive forum for disputes.

Oasis seeks to enforce this clause by moving the district court to dismiss for improper venue. Rucker argues that, because these contracts are alleged illegal gambling contracts, they are void *ab initio*, and therefore the forum selection clause is an unenforceable nullity. Oasis claims that an Alabama forum will be a financial burden to it.

Without reaching these arguments, the district court denied Oasis's Motion to Dismiss for Improper Venue on the basis that: the agreements provide that issues of law will be determined under Alabama law; that the underlying legal issue as to the validity of these agreements is an issue of Alabama law; that an Illinois court would have to interpret Alabama law without the ability to certify the question to the Supreme Court of Alabama; that all of the plaintiffs are, or have been residents of Alabama; that the agreements were consummated in Alabama;

2

and, finally, that enforcement of the forum selection clause is unreasonable under the circumstances.

We have reviewed the record in this case, the briefs, the arguments of counsel presented, and the well-reasoned memorandum opinion of the district court, denying Oasis's motion to dismiss the case for improper venue. Finding no error, we affirm the judgment of the district court.

AFFIRMED.